AO 451 (Rev.12/93)  Certification of Judgment

# UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Virginia |
|---|---|---|

NATIONAL STABILIZATION AGREEMENT
OF THE SHEET METAL INDUSTRY
TRUST FUND, et al
V.
E A BREEN JR. ROOFING & SHEET
METAL WORK, INC.

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

Case Number:    1:05cv108

I, _____ Elizabeth H. Paret _____ , Clerk of the United States District Court certify that the

attached judgment is a true and correct copy of the original judgment entered in this action on _____ May 13, 2005 _____ ,
Date

as it appears in the records of this court, and that

\*    no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal

Rules of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court on

| July 15, 2005 | Elizabeth H. Paret |
|---|---|
| Date | Clerk |
| | (By) Deputy Clerk |

\*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

F I L E D

MAY 1 3 2005

CLERK, U.S. DIST. OF COURT
ALEXANDRIA, VIRGINIA

NATIONAL STABILIZATION AGREEMENT )
OF THE SHEET METAL INDUSTRY )
TRUST FUND, et al., )
              Plaintiffs, )
v.                       ) Civil Action No. 05-108 (LMB)
                        )
E A BREEN JR. ROOFING & SHEET METAL )
   WORK, INC. )
   a/k/a E A Breen Jr. Roofing & Sheet Metal, Inc. )
   a/k/a E A Breen Jr. Rfg. & Sheet Metal Works )
   a/k/a E A Breen Jr. Rfg. & SM Works, Inc. )

## DEFAULT JUDGMENT AND ORDER

Upon consideration of the Motion for Default Judgment submitted by Plaintiffs, the

National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI Trust Fund"),

Sheet Metal Workers' National Pension Fund ("NPF"), International Training Institute for the

Sheet Metal and Air Conditioning Industry ("ITI") (f/k/a National Training Fund for the Sheet

Metal and Air Conditioning Industry), National Energy Management Institute Committee

("NEMI"), Sheet Metal International Association Scholarship Fund ("SMWIASF"), and Sheet

Metal Occupational Health Institute Trust Fund ("SMOHI") (NPF, ITI, NEMI, SMWIASF and

SMOHI are jointly referred to as "National Funds" and together with SASMI Trust Fund as

"Funds"), the Magistrate Judge's Report and Recommendation and the absence of exceptions

thereto, and the entire record in this case, it appearing to the Court that Defendant, E A Breen

Roofing & Sheet Metal Work, Inc. a/k/a E A Breen Jr. Roofing & Sheet Metal, Inc. a/k/a E A

Breen Jr. Rfg. & Sheet Metal Works a/k/a E A Breen Jr. Rfg. & SM Works, Inc., ("Company"

or "Defendant"), has failed to plead or otherwise defend in this action, that a default has been

150174-1

entered, and that there is no just reason for delay, it is ORDERED by the Court, this _____ day of

_____, 2005:

1.     The Court adopts the Magistrate Judge's Report and Recommendation and grants

the Funds' Motion for Default Judgment.

2.     Judgment by default in the total sum of $26,770.12 is entered in favor of the Funds

and against Defendant. This amount includes the following for each of the Funds:

| Fund | Contributions | Interest | Liquidated Damages | Late Fees | Attorneys Fees | Costs | Total |
|---|---|---|---|---|---|---|---|
| NPF | $12,786.28 | $483.89 | $2,557.21 | $391.31 | $3,076.86 | $263.92 | $19,559.47 |
| ITI | $283.68 | $10.84 | $56.72 | - | - | - | $351.24 |
| NEMI | $70.88 | $2.69 | $14.16 | - | - | - | $87.73 |
| SMOHI | $47.28 | $1.80 | $9.44 | - | - | - | $58.52 |
| SMWIASF | $23.60 | $0.92 | $4.72 | - | - | - | $29.24 |
| SASMI | $4,554.09 | $98.63 | $1,164.41 | - | $796.64 | $70.15 | $6,683.92 |
| TOTAL | $17,765.81 | $598.77 | $3,806.66 | $391.31 | $3,873.50 | $334.07 | $26,770.12 |

3.     Within twenty (20) days of the entry of this Order, Defendant shall fully and

accurately complete and submit to the Funds any and all then outstanding remittance reports with

all required information including the name and social security number of each employee, the

hours worked, wages paid and contributions owed for that month together with a check for the

full amount of the contributions owed.

4.     Defendant shall pay to NPF, ITI, NEMI, SMWIASF and SMOHI additional

interest at twelve percent (12%) per year, in accordance with the Funds' governing documents, on

the amount of any delinquent monthly contributions awarded in this Order or hereafter due them,

including any additional contributions due for July 2004 through February 2005, from the date the

contribution was due through the date payment is finally made.

5.      Defendant shall pay to the SASMI Trust Fund additional interest calculated at the rates provided for under 26 U.S.C. §6621, as from time to time amended, on the amount of any delinquent monthly contributions awarded in this Order or hereafter due them, including any additional contributions due for February 2004 through February 2005, from the date the contribution was due through the date payment is finally made.

6.      Defendant shall pay to NPF, ITI, NEMI, SMWIASF and SMOHI additional liquidated damages equal to twenty percent (20%) of the amount of any additional delinquent contributions due them for the months of July 2004 through February 2005 and for any month thereafter.

7.      Defendant shall pay to the SASMI Trust Fund additional liquidated damages equal to twenty percent (20%) (or such other amount as prescribed under the SASMI Trust Fund's Rules and Regulations) of the amount of any additional delinquent contributions due for the months of February 2004 through February 2005 and for any month thereafter.

8.      Defendant shall submit to an audit of their wage, payroll, and personnel records for all periods for which Defendant is obligated to contribute to the Funds within twenty (20) days of the date this Order becomes final, and Defendant shall pay all contributions, interest, and liquidated damages determined by such audit to be due, as well as the costs of such audit.

9.      Defendant shall pay to the Funds any additional reasonable attorneys' fees and costs incurred in connection with this case on and after April 22, 2005 including, without limitation, those incurred to enforce and collect this judgment. If any such further action by the Funds is required, they may apply to this Court or to the Court in which enforcement is sought for further

150174-1                                                3

reasonable attorneys' fees and costs in addition to those set out in ¶2 above. See Free v. Briody, 793 F.2d 807 (7th Cir.1986).

10.      Because of Defendant's persistent failure to meet its reporting and payment obligations to the Funds under the terms of the collective bargaining agreements, the Funds' Agreements and Declarations of Trust and 29 U.S.C. §1145, Defendant, its officers, agents, servants, employees, attorneys, and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying contributions for all periods for which Defendant is obligated to do so under the current and any future collective bargaining agreement(s) to which it is bound.

11.      If Defendant fails to comply with any of the terms of this Order, the Funds may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice to Defendant, and may at that time ask for further appropriate monetary and/or injunctive relief.

12.      This Default Judgment and Order is enforceable by the Funds individually, singly or jointly, or by their agent.

BY THE COURT

May 13, 2005
Date

Leonie M. Brinkema    J.
United States District Judge

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY
DEPUTY CLERK

150174-1                                                     4

Copies of this Order shall be sent to:

David S. Bahuriak, Jr., Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683

E A BREEN JR. ROOFING & SHEET METAL WORK, INC.
a/k/a E A Breen Jr. Roofing & Sheet Metal, Inc.
a/k/a E A Breen Jr. Rfg. & Sheet Metal Works
a/k/a E A Breen Jr. Rfg. & SM Works, Inc.
65 Stanley Avenue
Medford, MA  02155

# RANDALL E. NASH

ATTORNEY AT LAW

11 BEACON STREET, SUITE 500

BOSTON, MASSACHUSETTS 02108

Telephone 617-742-5511

Fax 617-742-2187

E-mail nash875@earthlink.net

Admitted to Practice in Massachusetts and Maine

*South Shore Office*
166 SCHOOSETT STREET
SUITE 2B
(ROUTE 139)
PEMBROKE, MA
02359
Telephone 781-829-2075
Fax 781-829-2076

**August 12, 2005**

Clerk's Office (Civil)
**United States District Court for the
       District of Massachusetts**
John Joseph Moakley U. S. Courthouse
1 Courthouse Way
Boston, Massachusetts    02210

> Re:    National Stabilization Agreement of the Sheet Metal Industry
>         Trust Fund, et al v. EA Breen Jr. Roofing & Sheet Metal Work,
>         Inc.

Dear Sir/Madam:

Enclosed please find the original certification of judgment as well as a certified copy of the default judgment in the above-referenced matter for registration in the District of Massachusetts. Our check in the amount of $39.00, representing the filing fee, is also enclosed. Please forward a receipt to this office in the enclosed self-addressed stamped envelope.

Thank you for your attention to this matter.

Very truly yours,

Randall E. Nash

cc:    Shanna Cramer (w/out encls)