UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| National Stabilization Agreement of the Sheet Metal Trust Fund, et al.,<br>    Plaintiff,<br><br>v.<br><br>E A Breen Jr. Roofing & Sheet Metal Work, Inc.<br>A/k/a E.A. Breen, Jr. Roofing & Sheet Metal Work, Inc.<br>A/k/a E.A. Breen, Jr. Rfg & Sheet Metal Works,<br>A/k/a E.A. Breen, Jr. Rfg & SM Works Inc.,<br>    Defendant | MBD No. 5-mc-10308-RCL |

## MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO DISSOLVE POST-JUDGMENT ATTACHMENT BY TRUSTEE PROCESS UPON DEFENDANT'S BANK ACCOUNT AT WINTER HILL BANK

The National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI Trust Fund") and its related union trust funds (collectively referred to as "Trust Funds" or "Plaintiffs") filed an action in the United States District Court for the Eastern District of Virginia against the Defendant, E.A. Breen Jr. Roofing & Sheet Metal Work, Inc. ("Breen Roofing"), a Massachusetts corporation. Breen Roofing has no ties to Virginia, conducts no business in the state, and none of its officers have ever personally appeared in the action. Service was made in Massachusetts upon Breen Roofing through its corporate officer, Mr. Ernest Breen. Throughout the proceedings, Mr. Breen did not respond to the action, and a default judgment issued in favor of the Trust Funds on May 13, 2005.

The plaintiffs retained Massachusetts counsel, and a certification of the Default Judgment was obtained in this Court on August 15, 2006. According to the docket sheet obtained by Breen Roofing's counsel, an execution issued on November 4, 2005, but there were no specific funds identified in the execution to be levied upon against the defendant. Subsequent to the execution, the plaintiff filed an Ex-parte Motion For Order of Attachment By Trustee Process of the defendant's bank account held at Winter Hill Bank ("Bank"), claiming that if the defendant received proper prior notice of the motion, Breen Roofing would conceal, spend or withdraw the funds. (See Affidavit of Diane Ferguson filed in conjunction with plaintiffs Ex-Parte Motion). This court granted the motion electronically by Order on November 28, 2005. A Summons to Trustee issued on December 2, 2005, the Bank was served with the Summons, and answered on December 15, 2005. The defendant did not receive notice of the Order, and was not aware of the Trustee Process until sometime later when an officer attempted to withdraw a portion of the balance to pay vendors that were owed funds from the account.

## Discussion

The plaintiffs obtained a default judgment against the defendant in federal court in Virginia, a locus that has no personal jurisdiction over the defendant. The defendant is a Massachusetts corporation, and has not registered for business in Virginia,, nor has the minimum contacts with the state that would allow it to be subject to the jurisdiction of Virginia. As a contributor employer to the Trust Funds, the defendant corporation files Uniform Fringe Benefit Remittance Reports with payments to the Massachusetts Local #17 Sheet Metal Workers office located at 43 Kingston Street, Boston, MA. The

defendant has no contact with the Virginia Trust Fund headquarters and does not mail payments to Virginia.

Personal jurisdiction is the power of the court to adjudicate the personal legal rights of parties properly brought before it. There is a requirement that the court not only have jurisdiction over the subject matter of the action, but also that it have jurisdiction over the defendant of the case. Due process of law requires that the defendant maintain minimum contacts with the forum state, such that it does not offend traditional notions of fair play and substantial justice for the defendant to be compelled to defend and appear in the forum. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154 (1945). In this case, the U.S. District Court could exercise personal jurisdiction over the defendant pursuant to the Commonwealth of Virginia's long-arm statute. Virginia's long-arm statute allows personal jurisdiction over the defendant if it transacts business within the state or committed a tortuous act within state. Breen Roofing conducts no business within Virginia (does not forward funds directly to Virginia) nor has physical presence within the state. Any money judgment rendered without personal jurisdiction over the defendant is void. Finkel Outdoor Prods., Inc. v. Bell, 205 Va. 927, 931, 140 S.E.2d 695, 698 (1965). "The function of our long-arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in Virginia, to the extent permissible under the Due Process Clause of the Constitution of the United States." Nan Ya Plastics Corp. U.S.A. v. DeSantis, 237 Va. 255, 259, 377 S.E.2d 388, 391, cert. denied, 492 U.S. 921 (1989). The long arm of § 8.01 does not extend to a contract formed and performed outside Virginia"). Id. Virginia does not have personal jurisdiction over the defendant and the default judgment is void as a matter of law.

Furthermore, pursuant to 28 U.S.C. §1391, when the defendant does not reside in the forum, venue is proper in the district in which a substantial part of the events or omissions giving rise to the claim arose. According to the Code, venue is proper for a defendant corporation if the defendant has sufficient contacts with the forum to subject it to personal jurisdiction. Breen Roofing has little, if not no contact with Virginia, and the Trust Fund choose an inconvenient and improper forum to file its action.

The judgment obtained by the Trust Fund therefore was void as a matter of law, and cannot be enforced in Massachusetts courts. The plaintiffs retained Massachusetts counsel to enforce the foreign judgment in Massachusetts. The plaintiffs obtained a certification of the judgment in the District of Massachusetts on August 15, 2005. The plaintiffs next obtained an execution, followed by an attachment by Trustee Process on December 2, 2005.

Massachusetts law is clear that a foreign judgment shall not be recognized if "the foreign court did not have personal jurisdiction over the defendant" and furthermore, the judgment shall not be recognized if "in the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action...". M.G.L. c. 235, §23A. As Virginia did not have personal jurisdiction over the defendant, Massachusetts does not recognize the Virginia judgment, and the certification of the foreign judgment does not affect the validity of the underlying judgment.

In addtion to the void judgment, proper Massachusetts procedure has not been followed in the service to the defendant of the Order of the attachment. At no time subsequent to the granting of the plaintiff's ex-parte attachement motion did the

defendant received notice. The defendant learned about the attachment upon entering the Bank to transact business. Funds in the business account had been frozen, and the officer of the defendant was humiliated and bewildered as to why the funds were frozen. The corporation is a small business and has suffered from the freeze on the aseets. There was no notice of the Order given to the defendant in violation of the Massachusetts Rules of Civil Procedure. Mass.R.Civ.P. Rule 4.2(c ).

Furthermore, funds held by a trustee must be demanded of him through an execution within 30 thirty days after final judgment or they may be recovered by the defendant. M.G.L. c. 246, §40. In this case, the plaintiffs obtained a general execution on November 4, 2005, and an ex-parte attachment upon the defendant's funds held at the Bank on December 2, 2005. The funds have been frozen by the Bank and held in a segregated account, preventing the defendant from access to the segregated funds. As the execution was obtained prior to the Trustee Process summons, but post-judgement, the funds cannot remain frozen without further action on the part of the plaintiff. As no further action has been taken, the time has expired for the attachment, and it must be dissolved pursuant to Massachusetts law. In addition the plaintiff is required to obtain a trustee execution, and there is no record or indication that the plaintiff has done so in this court or any other court.

## CONCLUSION

For the foregoing reasons, the attachment of the defendants' funds in the Bank must be dissolved and the plaintiff must seek proper recourse in a court of competent jurisdiction.

DATE: 2/15/05

Respectfully submitted,

Breen Roofing & Sheet Metal Work, Inc.
By its Attorney,

Lisa S. Mediano, BBO #642750
Law Office of Lisa S. Mediano
269 Main Street
Medford, MA  02155
(781) 395-4663