UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| National Stabilization Agreement of the Sheet Metal Industry Trust Fund, et al. | )<br>)<br>) |
| Plaintiffs, | ) |
| vs. | )<br>) |
| E A Breen Jr. Roofing & Sheet Metal Work, Inc.<br>a/k/a E A Breen, Jr. Roofing & Sheet Metal, Inc.<br>a/k/a E A Breen Jr. Rfg & Sheet Metal Works<br>a/k/a E A Breen Jr. Rfg & SM Works, Inc. | )<br>)<br>)<br>) MBD No. 05-mc-10308-RCL |
| Defendant | )<br>)<br>) |
| and | )<br>) |
| Winter Hill Bank, | ) |
| Trustee | ) |

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION TO CHARGE TRUSTEE

**Introduction**

The National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI Trust Fund"). Sheet Metal Workers' National Pension Fund ("NPF"), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI") (f/k/a National Training Fund for Sheet Metal and Air Conditioning Industry), National Energy Management Institute Committee ("NEMI"), Sheet Metal International Association Scholarship Fund ("SMWIASF"), and Sheet Metal Occupational Health Institute Trust Fund ("SMOHI") (NPF, ITI, NEMI, SMWIASF and SMOHI are jointly referred to as "National Funds" and together with SASMI Trust Fund as "Plaintiff Funds"), brought an action in the U.S. District Court for the Eastern District of Virginia to collect delinquent contributions from E. A. Breen Roofing & Sheet Metal Work, Inc.

a/k/a E. A. Breen Roofing & Sheet Metal, Inc. a/k/a E A Breen Jr. Rfg. & Sheet Metal Works a/k/a E A Breen Jr. Rfg. & SM Works, Inc., ("Company" or "Defendant"), pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sections 1132 and 1145 ("ERISA") and the Labor Management Relations Act, as amended, 29 U.S.C., Section 185(a)("LMRA").  The Plaintiff Funds obtained a default judgment on May 13, 2005.  The judgment was registered in this court on August 15, 2005.  Docket #1.  Execution was issued by this court on November 4, 2005.  Docket #2.

On November 18, 2005, the Plaintiff Funds filed an Ex Parte Motion for Order of Attachment by Trustee Process seeking to attach $29,586.29 held in Defendant's bank account(s) at Winter Hill Bank ("Bank" or "Trustee").  On November 28, 2005, the court granted the motion for attachment by trustee process and, on December 2, 2005, issued a summons to trustee as to the Bank.  Docket #7.  On December 15, 2005, the Bank filed an Answer of Trustee in which it stated, *inter alia*, that an account of the Defendant contained funds with a value in excess of the judgment amount and that sufficient funds had been restricted and made inaccessible to Defendant pending further order of the Court.  Docket #8.  The Plaintiff Funds now move to charge the Bank in the amount of $29,586.29.

**Argument**

THE MOTION TO CHARGE THE TRUSTEE SHOULD BE ALLOWED AND
JUDGMENT SHOULD ENTER AGAINST THE TRUSTEE IN THE AMOUNT OF
$29,586.29.

Rule 69(a) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> Process to enforce a judgment for the payment of money
> shall be a writ of execution, unless the court directs

2

>otherwise.  The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

Fed. R. Civ. P. Rule 69(a).

In Massachusetts, a judgment creditor may not execute on a bank account except by trustee process.  Gabovitch v. Lundy, 584 F.2d. 559, 561 (1st Cir. 1978).  Further, there must be a judgment against the *trustee* in order for a trustee execution to issue.  Arthur D. Little, Inc. v. East Cambridge Savings Bank, 35 Mass. App. Ct. 734, 738-739 (1994); Elias Brothers Restaurants v. Acorn Enterprises, 931 F. Supp. 930 (D. Mass, 1996); Thompson-Durkee Company v. Express Plumbing & Heating Company, 1994 Mass. App. Div. 190 (1994).  Such judgment against a trustee may not enter until after a motion to charge the trustee has been allowed.  Id. at 191 (citing Arthur D. Little, supra).  Indeed, " . . . the preferred practice is that, upon the allowance of the motion to charge the trustee, a separate document entitled 'judgment' shall be prepared and entered on the docket."  Arthur D. Little, 35 Mass. App. Ct. at 738-739.

In Thompson-Durkee Company, supra, the court stated as follows:

>The burden of proving if, and in what amount, the trustee may be charged is upon the plaintiff.  *Krogman v. Rice Bros. Co.*, 241 Mass. 295, 300 (1922); *Jordan Marsh Co. v. Hale*, 219 Mass. 495, 496 (1914).  The plaintiff is, however, bound by the trustee's sworn answer and responses to interrogatories, which must be accepted as true in determining the amount by which the trustee is chargeable.  The plaintiff may only establish additional facts which have not been stated or denied by the trustee.  G.L.c. 246, §16.  See generally, *Workers' Credit Union v. Hannula*, 285 Mass. 159, 160 (1934).

Id. at 192.

In the instant case the summons to trustee that was issued by this court and served on the Bank set forth an attachment amount of $29,586.29.  Docket No. 13.  In its sworn answer, the Trustee stated that the Defendant's account "contain(ed) funds with a value in excess of the judgment amount," Docket No. 8 at par.2, and further stated that "sufficient assets in (this) account . . . have been restricted and made inaccessible to the defendant pending further certified Order of the Court." Id. at par. 3.[1]  Thus, based on the sworn answer of the Trustee, the motion to charge the Trustee should be allowed, Winter Hill Bank should be charged in the amount of $29,586.29 and judgment should enter against the Trustee, Winter Hill Bank.

---

[1] Paragraph 4 of the Trustee's answer states as follows:  "The Trustee leaves it to litigation between the parties to determine whether such assets are 'goods, effects, or credits' of the defendant, but the Trustee will deem such funds to be 'goods, effects or credits' until a court determines otherwise."  The Plaintiff Funds are aware of no reason why the assets in question would not be considered "goods, effects, or credits" for purposes of the Massachusetts Trustee Process statute, M.G.L. c. 246, and rely on the Trustee's statement that they have been deemed such for purposes of this motion.  In the event that a party demonstrates that there is truly an issue as to whether these assets constitute "goods, effects, or credits," the Plaintiff Funds request that the court schedule a hearing on this issue.

**Conclusion**

For all of the foregoing reasons, the motion to charge the Trustee should be allowed and judgment should enter against the Trustee in the amount of $29,586.29.

        Respectfully submitted,
        PLAINTIFFS,
        NATIONAL STABILIZATION
        AGREEMENT OF THE SHEET
        METAL INDUSTRY TRUST
        FUND, ET AL
        By their attorney,

        */s/ Randall E. Nash*
        Randall E. Nash
        BBO #546963
        Attorney At Law
        11 Beacon Street, Suite 500
        Boston, Massachusetts  02108
        (617)742-5511
        nash875@verizon.net

<u>April 19, 2006</u>
Date

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 19, 2006.

        */s/ Randall E. Nash*
        Randall E. Nash
        BBO #546963